J-S64020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY PELKOFER, | |
| Appellant | No. 408 WDA 2014 |

Appeal from the Order Entered February 19, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003262-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 22, 2014**

Appellant, Jeffrey Pelkofer, appeals from the order of the trial court denying his motion for the removal of sex offender registration requirements.   For the reasons that follow, we reverse.

On February 1, 2010, Appellant entered a negotiated plea to one count of statutory sexual assault, 18 Pa.C.S. § 3122.1.  At the time of his plea, the registration of sex offenders was governed by 42 Pa.C.S. § 9791 *et. seq*., colloquially known as "Megan's Law."  Pursuant to that law, offenders convicted of 18 Pa.C.S. § 3122.1 were not subject to a registration requirement.

New statutory provisions regarding the registration of sex offenders became effective on December 20, 2012.  These provisions, known as the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799

*et seq.*, required individuals convicted of 18 Pa.C.S. § 3122.1 to register as a sex offender. Appellant remained on probation at the time SORNA became effective and, thus, was subject to this new registration requirement.

This Court issued an *en banc* decision on December 12, 2013, holding that a defendant who negotiated for non-registration as a term of their plea bargain was entitled to specific performance of that bargain. ***See Commonwealth v. Hainesworth***, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014). On February 10, 2014, Appellant filed a motion seeking an order excluding him from sex offender registration requirements pursuant to this Court's holding in ***Hainesworth***.[1]

---

[1] Appellant construed this pleading as a "Motion to Enforce Terms of Plea Agreement / Petition for Post-Conviction Relief." We have held that such pleadings are not PCRA petitions:

> We note that the within petition is not an attack on Appellant's sentence, nor is he alleging that he is innocent of the offenses of which he was convicted. Appellant is not asserting that his conviction or sentence resulted from a violation of the Constitution, ineffective assistance of counsel, an unlawfully-induced plea, obstruction by government officials of his right to appeal, newly-discovered evidence, an illegal sentence, or a lack of jurisdiction. In short, we agree with Appellant that his claim does not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions. Furthermore, it is not subject to the PCRA's time constraints, and hence, we have jurisdiction to entertain it.

***Commonwealth v. Partee***, 86 A.2d 245, 247 (Pa. Super. 2014).

The trial court denied this motion on February 19, 2014. Appellant filed a timely appeal, raising the following claims for our review:

1. Did the PCRA/Trial Court err[] in dismissing Appellant's Motion to Enforce Terms of Plea Agreement/Petition for Post-Conviction Collateral Relief, without an evidentiary hearing, which sought to enforce Appellant's 2010 plea agreement with the Commonwealth, where the Commonwealth withdrew charges that would have required Appellant to register as a sex offender, permitting Appellant to then plead guilty to one charge that did not require him to register as a sex offender?

2. Did the PCRA/Trial Court err[] in dismissing Appellant's Motion to Enforce Terms of Plea Agreement/Petition for Post-Conviction Collateral Relief where Appellant pleaded guilty to 18 Pa.C.S.A. § 3122.1, where SORNA only requires registration of those convicted of 18 Pa.C.S.A. § 3122.1(a)(2)?

Appellant's claims in the instant appeal have been mooted by a subsequent amendment to SORNA relieving Appellant of a duty to register, as conceded in the Commonwealth's brief. *See* Commonwealth's brief at 10, 12. Accordingly, the Commonwealth also asks this Court to reverse the trial court's order.

On March 14, 2014, SORNA was amended, retroactive to December 20, 2012. This amendment removed individuals convicted of 18 Pa.C.S. § 3122.1, who had been convicted between January 23, 2005 and December 19, 2012, from the class of individuals required to register as sex offenders. *See* 42 Pa.C.S. § 9799.13(3.1). Appellant clearly falls into this class of individuals. Consequently, he is now statutorily exempt from registration. As such, we reverse the trial court's order on the basis of this statutory

authority, and direct that Appellant no longer be required to register as a sex offender.

Order reversed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014